IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Benjamin W. Hattenbach (SBN 186455)
Michael D. Harbour (SBN 298185)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: bhattenbach@irell.com
Email: mharbour@irell.com

A. Matthew Ashley (SBN 198235)
Olivia Weber (SBN 319918)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
Email: mashley@irell.com
Email: oweber@irell.com

*Counsel for Defendants*
FORTRESS INVESTMENT GROUP LLC,
FORTRESS CREDIT CO. LLC,
VLSI TECHNOLOGY LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| INTEL CORP., <br><br> Plaintiff, <br><br> v. <br><br> FORTRESS INVESTMENT GROUP LLC, FORTRESS CREDIT CO. LLC, VLSI TECHNOLOGY LLC, and DSS TECHNOLOGY MANAGEMENT, INC., <br><br> Defendants. | Case No. 5:19-cv-06856-EJD <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXTEND DEFENDANTS' DEADLINE TO RESPOND TO THE COMPLAINT** |

Pursuant to Civil Local Rules 6-1 and 6-3, defendants Fortress Investment Group LLC, Fortress Credit Co. LLC, and VLSI Technology LLC (collectively "Defendants") respectfully move the Court to set January 6, 2020 as the deadline for Defendants' responses to Intel Corporation's ("Intel" or "Plaintiff") Complaint.  Fortress Investment Group LLC and VLSI Technology LLC's deadline to respond to the Complaint is November 13, 2019, and Fortress Credit Co. LLC's deadline is November 15, 2019, so Defendants are requesting an approximately 52-day extension.  Intel stated that it was agreeable to an extension to December 30, 2019, but Intel has not responded to Defendants' request for an additional seven days in light of the holidays.  Given the impending deadlines to respond to the Complaint, Defendants could not wait any longer for a response from Intel before filing this motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On October 23, 25, and 29, 2019, Intel served on Defendants a 163-paragraph antitrust and unfair competition complaint (the "Complaint").  The Complaint alleges that Defendants have engaged in a supposed anticompetitive scheme to acquire patents and then bring allegedly "meritless" patent infringement lawsuits against Plaintiff and other entities.  Intel's Complaint seeks broad relief which, if permitted to stand, would turn both antitrust and patent law on their heads and restrain Defendants from exercising their constitutional right to petition the courts for redress of grievances.  Among other things, the Complaint asks this Court to: (i) void and "rescind" an unidentified number of contracts with an unidentified number of parties; (ii) declare "unenforceable" patents that, at least according to the Complaint, number in excess of one thousand (including patents belonging to nonparties to this case); (iii) declare "unlawful" *currently pending* lawsuits—including one in this District—based on Intel's allegation that they are "meritless" and that certain unidentified patents are "weak"; and (iv) award antitrust damages to be "multiplied" by the Court.  *See* Complaint at pg. 47 (Prayer for Relief).  Given the enormous breadth of the Complaint, which was obviously many months in the making, the important legal rights at stake, and the upcoming holidays, Defendants should be afforded a reasonable extension of roughly 52 days to investigate this sprawling case and file their responses to the Complaint.

For purposes of this Motion, Defendants are assuming that the current deadlines for responding to the Complaint are November 13 and 15, 2019. VLSI Technology LLC and Fortress Investment Group LLC were each served on two occasions. The first service was of an unsigned summons and thus is ineffective. Declaration of A. Matthew Ashley ("Ashley Decl.") ¶ 2. *See, e.g., Ayres v. Jacobs & Crumplar*, *P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) (a summons that is not signed by the clerk is a "nullity") (internal quotation marks omitted). If the subsequent service dates are used, VLSI Technology LLC's and Fortress Investment Group LLC's deadlines are November 15, 2019 and November 19, 2019, respectively. With the requested extension, each of Defendants' responses to the Complaint would be due on January 6, 2020. This extension will not affect any other case deadlines that have been scheduled in this matter. It is also not clear whether the fourth defendant in this case, DSS Technology Management, Inc., has been served yet.

Defendants regret burdening the Court with this motion, but despite their best efforts, they have been unable to reach a resolution with Intel regarding the extension to January 6, 2020. On the day the Complaint was served on Fortress Credit Co. LLC (October 25, 2019), counsel for Defendants contacted Intel's counsel requesting a 120-day extension to file Defendants' responses to the Complaint. Ashley Decl. ¶¶ 3-4, Ex. A. Intel responded three days later on October 28, 2019 stating that it would be willing to agree to a 30-day extension only. *Id.* ¶ 3. Later that same afternoon, Defendants responded that, given the massive scope of the case, the complexity of the issues involved, and in light of the approaching holiday season, Defendants would appreciate an extension closer to 120 days. *Id.* After receiving no response for two days, Defendants again contacted Intel on October 30, 2019, and offered to agree to a 70-day extension as a compromise in order to avoid having to involve the Court. *Id.* After receiving no answer for five days, Defendants again contacted Intel on November 4, 2019 and asked if Intel could please respond to the request. *Id.* Intel responded with a counter offer of 45-days on November 6, 2019. *Id.* Because this would make Defendants' response due in the middle of the holiday season (December 30, 2019) when several of the attorneys and client representatives who are working on this matter will be periodically unavailable, Defendants requested an additional week to January 6,

2020. *Id.* ¶¶ 3, 5.  It has been five days since Defendants made this request, and Intel has not responded.  *Id.* ¶ 3.

While Defendants appreciate Intel's offer of a 45-day extension, Defendants respectfully submit that an additional week is necessary to allow Defendants' counsel to investigate the Complaint and communicate effectively with their clients in light of the approaching holiday season.  Indeed, given the staggering breadth of the Complaint and the upcoming holidays, Defendants believe that a longer extension of 120 days is warranted, but they are willing to agree to a 52-day extension as a compromise.

This request is more than reasonable.  Antitrust actions are often "sprawling, costly, and hugely time-consuming."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6 (2007).  This case is no exception and in fact is an oversized case even by antitrust standards.  As just an example of this case's enormously overbroad scope, the purported antitrust misconduct includes the filing of numerous litigations (*see, e.g.,* Complaint ¶¶ 88, 96), and the purported "victims" of the allegedly anticompetitive behavior include such behemoth companies as Google, Apple, Samsung, Microsoft, Huawei, Cisco Systems, Oracle, Panasonic, Netflix, Hulu, Blackberry, and Barnes & Noble.  *See, e.g., id.* ¶¶ 64, 96, 99, 115.  Intel also seeks to "rescind" or void numerous contracts that involve nonparties to this case.  *Id.* at pg. 47 (Prayer for Relief).

Moreover, Intel identifies the alleged antitrust market as the "market for patents for high-tech consumer and enterprise electronic devices and components or software therein and processes used to manufacture them."  *Id.* ¶ 118.  In other words, Intel's proposed antitrust "market" essentially comprises all patents regarding "electronics or software."  This is an incredibly broad category to say the least.

Conducting a reasonable investigation into the Complaint and possible defenses will take considerable time given the Complaint's scope, the complexity of the issues involved, and the high stakes at issue.  These issues include, just by way of example, matters relating to (1) Intel's assertion that Fortress "controls" various other entities, nonparties, and dozens of litigations, *id.* ¶ 8; (2) the apparently over one thousand patents that Intel claims are "weak," *id.*, yet somehow drive monopolistic profits because, according to Intel, sophisticated companies like itself, Apple,

Samsung, Microsoft, and many others do not have enough resources to analyze the patents, *id.* ¶ 124; (3) the many contracts and agreements referenced in the Complaint that Intel seeks to "void," including contracts and agreements to which Defendants are not even parties, *id.* at pg. 47 (Prayer for Relief); and (4) the expansive "market for patents for high-tech consumer and enterprise electronic devices and components or software therein and processes used to manufacture them" that Defendants have supposedly cornered, *id.* ¶ 118. In addition, the Complaint essentially seeks to prejudge numerous complex lawsuits that are currently pending in courts around the world.

In light of the above, as well as the approaching holiday season, Defendants' request for an extension until January 6, 2020 to respond to the Complaint is reasonable. Absent such an extension, Defendants' ability to investigate their potential defenses will be hampered, and Defendants will suffer significant prejudice as a result. In contrast, Plaintiff will suffer no prejudice if Defendants' request is granted. Plaintiff has already stated that it is agreeable to an extension to December 30, 2019 so long as there is an extended briefing schedule for Plaintiff's response, which Defendants already stated they are fine with if the extension also includes their reply brief. Ashley Decl. ¶ 3, Ex. A. An additional week from December 30 until January 6, 2020 will not hinder Plaintiff's rights in any way. Moreover, as noted above, the requested extension will not affect any other current case deadline, and, as far as Defendants are aware, the fourth defendant, DSS Technology Management Inc., has not even been served yet. Plaintiff also had the benefits of many months if not years to investigate the facts alleged in its Complaint. Defendants are simply asking for roughly 52 additional days to do the same.

Defendants respectfully request that the Court set a deadline of January 6, 2020 to respond to the Complaint. In the alternative, Defendants respectfully request that the Court extend the response deadline to December 30, 2019 consistent with the forty-five days that Intel already stated it was agreeable to, or by an additional length of time that the Court deems just and proper.

| | |
|---|---|
| 1  Dated: November 12, 2019 | Respectfully submitted, |
| 2 | IRELL & MANELLA LLP |
| 4 | By: ___/s/A. Matthew Ashley___ |
| 5 | *Counsel for Defendants* |
|   | FORTRESS INVESTMENT GROUP LLC, |
| 6 | FORTRESS CREDIT CO. LLC, |
|   | VLSI TECHNOLOGY LLC |

10757810

- 5 -

DEF. MOTION TO EXTEND DEFENDANTS' DEADLINE TO RESPOND TO COMPLAINT
Case No. 5:19-CV-06856-EJD